## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PETER CUCCIONILLI, on behalf of himself
and all others similarly situated,

> Civil Case Number: _____

Plaintiffs,

**CIVIL ACTION**

-against-

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

SIMON'S AGENCY, INC., and JOHN DOES 1-
25,

Defendants.

PETER CUCCIONILLI, individually, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, SIMON'S AGENCY, INC., ("SIMON'S") and JOHN DOES 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff, is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Plaintiff, natural person a resident of Morris County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      SIMON IS AGENCY, INC., is a foreign corporation with its principal place of business located at 4963 Wintersweet Drive, Liverpool, New York 13088.

9.      Upon information and belief, SIMON'S is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.      SIMON'S is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6). John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt initial collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent initial collection letters and/or notices from the SIMON'S concerning a debt owed to SUMMIT MEDICAL GROUP, which included the alleged conduct and practices described herein.

- <u>The class definition may be subsequently modified or refined.</u>

- <u>The Class period begins one year to the filing of this Action</u>.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in

accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.    Whether Defendant violated various provisions of the FDCPA;

  b.    Whether Plaintiff and the Class have been injured by Defendants' conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. Sometime prior to March 27, 2018, Plaintiff incurred a financial obligation to SUMMIT MEDICAL GROUP ("SUMMIT").

16. The SUMMIT obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. At some time prior to March 27, 2018, Plaintiff became past due on the SUMMIT obligation.

18.    At some time prior to March 27, 2018, the SUMMIT obligation was transferred to SIMON'S for the purpose of collections.

19.    At the time the SUMMIT obligation was transferred to SIMON'S, such obligation was past due.

20.    At the time the SUMMIT obligation was transferred to SIMON'S, such obligation was in default.

21.    On or before March 27, 2018, SIMON'S caused to be delivered to Plaintiff a letter in an attempt to collect the alleged SUMMIT debt. A copy of said letter is annexed hereto as **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

22.    The March 27, 2018 letter stated at the top:

| Account Summary | | |
|---|---|---|
| Original Creditor SUMMIT MEDICAL GROUP | | |
| File # xxxx830 | Amount $111.58 | Various Other Accts Total Balance $161.58 |

23.    SIMON'S is a "debt collector" as defined by 15 U.S.C. §1692a(6).

24.    SUMMIT is a "creditor" as defined by 15 U.S.C. §1692a(4).

25.    The March 27, 2018 letter was sent or caused to be sent by persons employed by SIMON'S as a "debt collector" as defined by 15 U.S.C. §1692a(6).

26.    The March 27, 2018 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

27.    Upon receipt of the SIMON'S letter dated March 27, 2018, Plaintiff read said letter.

28.    SIMON'S contends that the SUMMIT obligation is in default.

29.    The March 27, 2018 letter falsely represented the amount of the debt.

30.    The March 27, 2018 letter used false representations or deceptive means to collect or attempt to the collect the alleged debt.

31.    The March 27, 2018 letter failed to accurately state the amount of Plaintiff's alleged debt.

32.    The March 27, 2018 letter, causes the least sophisticated to be confused and unsure of the amount of debt.

33.    The March 27, 2018 letter, causes the least sophisticated to be confused and unsure of the amount he must pay to satisfy the debt.

34.    The March 27, 2018 letter, causes the least sophisticated to be confused and unsure of which amount will be assume valid by the SIMON'S should he fail to dispute the debt within thirty days of receipt of the letter.

35.    Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the amount of the debt.

36.    The obligation is not only to identify the amount of the debt, but to convey the same clearly and explicitly.

37.    "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter, the required notice must also be conveyed effectively to the debtor" *See Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir .1991).* Moreover, the validation notice required by the Act "is to be interpreted from the perspective of the 'least sophisticated debtor.' " *Graziano, 950 F.2d at 111.*

38.    By stating that the "Amount" is $111.58 and that the balance of various other accounts is also $161.58, the March 27, 2018 letter does not clearly convey to the consumer the amount of the debt.

39.    The FDCPA gives consumers a statutory right to receive certain information, including effectively stating the amount of the debt, which the Plaintiff was deprived of in this case.

40.    Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, <u>citing</u> *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

41.    Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

42.    The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

43.    As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

44.    Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## POLICIES AND PRACTICES COMPLAINED OF

45.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **<u>Exhibit A</u>**, which violate the FDCPA, by inter alia:

(a )    Using false, deceptive or misleading representations as to the amount of the debt;

     (b)    Using false representations or deceptive means to collect or attempt to the debt;

     (c)    Failing to properly state the amount of the debt;

46.    On information and belief, Defendants sent a written communication, in the form annexed hereto as **<u>Exhibit A</u>** to at least 50 natural persons in the State of New Jersey.

<u>COUNT I</u>

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692<br><u>VIOLATIONS OF 15 U.S.C. §1692 *et seq.*</u>**

47.    Plaintiff repeats the allegations contained in paragraphs 1 through 46 as if the same were set forth at length.

48.    Collection letters and/or notices such as those sent by SIMON'S, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49.    Section 1692e(2)(A) of the FDCPA makes it a violation for a debt collector to falsely represent: "...the...amount....of any debt."

50.    SIMON'S falsely represented the amount of the debt by failing to accurately state the amount of the debt.

51.    SIMON'S failed to accurately state the amount of the debt in their March 27, 2018 letter as it stated both that the "Amount $111.58" but also contrarily that the "Various Other Accts. Total Balance $161.58".

52.    The least sophisticated consumer upon reading the March 27, 2018 letter would be confused as to whether he owes: (1) $111.56 or (2) $111.56 + $161.58.

53.    The least sophisticated consumer upon reading the March 27, 2018 letter would be confused as to whether he owes: (1) $111.56 of (2) $273.16.

54.    Therefore, SIMON'S violated Section 1692e(2)(A) of the FDCPA.

55.    15 U.S.C. §1692g(a)(1) provides that a debt collector within five days of its initial communication with a consumer a written notice containing the; "Amount of the debt".

56.    SIMON'S failed to provide the "Amount of the debt".

57.    SIMON'S failed to accurately state the amount of the debt in their March 27, 2018 letter as it stated both that the "Amount $111.58" but also contrarily that the "Various Other Accts. Total Balance $161.58".

58.    The least sophisticated consumer upon reading the March 27, 2018 letter would be confused as to whether he owes: (1) $111.56 or (2) $111.56 + $161.58.

59.    The least sophisticated consumer upon reading the March 27, 2018 letter would be confused as to whether he owes: (1) $111.56 of (2) $273.16.

60.    Therefore, SIMON'S violated Section 1692g(a)(1) of the FDCPA.

61.    15 U.S.C. §1692g(a)(3) provides that a debt collector within five days of its initial communication with a consumer a written notice containing:

> A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector.

62.    The least sophisticated consumer upon reading the March 27, 2018 letter would be confused as which debt he must dispute in order to prevent the debt(s) from being assumed valid by the debt collector.

63.    The least sophisticated consumer upon reading the March 27, 2018 letter would be confused as to how to dispute the "Various Other Accts", as letter fails to provide any information as to such "Various Other Accts".

64.    The least sophisticated consumer upon reading the March 27, 2018 letter would be confused as to whether a single disputing would in fact be a dispute of all debts.

65.    SIMON'S violated 15 U.S.C. §1692g(a)(3) by failing to clearly informing Plaintiff in the March 27, 2018 letter, of his right to dispute the debt(s).

66.    Therefore, SIMON'S violated Section 1692g(a)(3) of the FDCPA.

67.    15 U.S.C. §1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

68.    SIMON'S violated 15 U.S.C. §1692e(10) by failing to accurately state the amount of the debt in their March 27, 2018 letter.

69.    The least sophisticated consumer upon reading the March 27, 2018 letter would be mislead as to the amount of the debt, as it stated both that the "Amount $111.58" but also contrarily that the "Various Other Accts. Total Balance $161.58".

70.    The March 27, 2018 letter could be read to have two or more meanings.

71.    The March 27, 2018 letter could be read to mean: (1) the amount owed is $111.58; or (2) the amount owe is $161.58: or (3) the amount owed is $111.58 + $161.58.

72.    At least of the above meanings is inaccurate.

73.    The March 27, 2018 letter could also be read to mean: (1) if Plaintiff does not dispute validity of the debt, $111.58 will be assumed valid by SIMON'S; or (2) if Plaintiff does not dispute validity of the debt, $161.58 will be assumed valid by SIMON'S; or (3) if Plaintiff does not dispute validity of the debt, $111.58 + $161.58 will be assumed valid by SIMON'S.

74.    At least of the above meanings is inaccurate.

75.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

76.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

77.    Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

78.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

79.    Plaintiff has suffered damages and other harm as a direct result of the SIMON'S actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against SIMON'S on each count as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney, Joseph K. Jones, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Pre-judgment interest;

(f)    Post judgment interest; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey
     April 6, 2018

                    */s/ Joseph K. Jones*
                    Joseph K. Jones, Esq.
                    JONES, WOLF & KAPASI, LLC
                    375 Passaic Avenue, Suite 100
                    Fairfield, New Jersey 07004
                    (973) 227-5900 telephone
                    (973) 244-0019 facsimile
                    jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 6, 2018

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A



**SIMON'S AGENCY INC.**
4963 WINTERSWEET DRIVE
LIVERPOOL, NY 13088
info@simonsagency.com

**SIMON'S**
— AGENCY, INC. —

March 27, 2018

PETER CUCCIONILLI

| Account Summary | | |
|---|---|---|
| Original Creditor SUMMIT MEDICAL GROUP | | |
| File # ▮▮30 | Amount $111.58 | Various Other Accts Total Balance $161.58 |

SIMONS1803271470002590101.000000

SUMMIT MEDICAL GROUP has referred your past due account to our office for collections.

You may not have intentionally neglected this obligation, but it is seriously past due. If you would like our cooperation then:

1. Remit payment in full to this office, or,
2. **www.paysimons.com**
3. Contact (315) 454-8833 in person or by telephone to arrange a payment plan.

Thank you for your cooperation in this matter.

Sincerely,

SIMON'S AGENCY INC.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. UNLESS YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, WITHIN THIRTY (30) DAYS OF RECEIPT OF THIS LETTER, WE WILL ASSUME THAT THIS DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN THE THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF THE JUDGMENT AGAINST YOU AND MAIL SUCH VERIFICATION OR COPY TO YOU. WE WILL ALSO PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR, UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY (30) DAY PERIOD.**

| PAYMENT OPTIONS |
|---|
| **Payments By Internet** |
| www.paysimons.com Visa, MasterCard, Discover, & American Express Check (ACH) also available |
| **Payments By Phone** |
| *Please Call (315) 454-8833 or (844) 588-8833* Visa, MasterCard, American Express & Discover, Debit Card Check-By-Phone |
| **Payments By Mail** |
| Visa, MasterCard, Discover, & American Express Check *(You can use the return envelope provided and the bottom portion of this notice for your convenience.)* |

**\*WE REPORT DELINQUENT ACCOUNTS TO THE CREDIT BUREAU\***

**\*\*\* Detach Lower Portion And Return With Payment \*\*\***

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

MasterCard   VISA   DISCOVER   American Express

| CARD NUMBER | | EXP. DATE |
|---|---|---|
| CARD HOLDER NAME | | CVV |
| SIGNATURE | AMOUNT PAID | |

PO Box 5026
Syracuse, NY 13220-5026

March 27, 2018

PETER CUCCIONILLI

209

Original Creditor: SUMMIT MEDICAL GROUP
File No: ▮▮30
Total Balance: $161.58

**REMIT PAYMENT TO:**

Simon's Agency Inc.
PO Box 5026
Syracuse, NY 13220-5026

Ltr: 1A